J-S21024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :     PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| TYSHANEK MONIQU PRESLEY | : |
| | : |
| Appellant | : No. 1248 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 10, 2024
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000130-2024

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 08, 2026**

Appellant, Tyshanek Moniqu Presley, appeals from the judgment of sentence entered on December 10, 2024, as made final by the denial of Appellant's post-sentence motion on January 7, 2025.  We affirm.

Appellant pleaded *nolo contendere* to aggravated assault[1] and, on December 10, 2024, the trial court sentenced Appellant to serve a term of 16 to 120 months in prison for this conviction.  After the trial court granted Appellant's motion for an extension of time to file a post-sentence motion, Appellant filed a timely post-sentence motion on January 3, 2025.  Within this motion, Appellant claimed that the trial court abused its discretion in sentencing her to an excessive term of incarceration because:  1) "the victim failed to provide any input at sentencing [and did not] request" that Appellant

---

[1] 18 Pa.C.S.A. § 2702(a)(6).

be sentenced to a maximum term of ten years in prison; 2) the trial court "failed to sufficiently credit [Appellant] for testifying against her [co-defendant], who was also her brother;" and, 3) the trial court "improperly placed significant emphasis on [Appellant's] lack of accountability," even though Appellant entered a *nolo contendere* plea. Appellant's Post-Sentence Motion, 1/3/25, at 1-2.

The trial court denied Appellant's post-sentence motion on January 7, 2025 and, after Appellant's direct appellate rights were reinstated *nunc pro tunc*, Appellant filed a timely notice of appeal. **See** Trial Court Order, 1/7/25, at 1; **see also** PCRA Court Order, 8/18/25, at 1-2. Appellant raises the following claim to this Court:

> Did error occur in sentencing Appellant to a maximum of ten years where the victim did not provide input nor request such an outcome, she provided testimony against her co-defendant and at sentencing there seemed to be an emphasis on her lack of accountability, but she had actually entered a *nolo contendere* plea which would not require accountability?

Appellant's Brief at 4.

Appellant's claim on appeal challenges the discretionary aspects of her sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of her sentence. **See** 42 Pa.C.S.A. § 9781(b).

Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of her sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant claims that the trial court abused its discretion when it sentenced her to an excessive term of incarceration. Specifically, Appellant claims the trial court erred because: "the victim did not provide input [and did not] request such [a sentence];" Appellant "provided testimony against her co-defendant;" and, "at sentencing there seemed to be an emphasis on [Appellant's] lack of accountability, but she had actually entered a *nolo contendere* plea which would not require accountability." **See** Appellant's Brief at 8.

As to these claims, Appellant filed a timely notice of appeal, raised the claims in her post-sentence motion, and properly included a Rule 2119(f) statement in her brief. Therefore, we turn to the issue of whether Appellant's claims raise a substantial question.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. *Goggins*, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (emphasis omitted).

As previously noted, Appellant contends that her sentence is excessive because: 1) "the victim did not provide input [and did not] request such [a sentence];" 2) Appellant "provided testimony against her co-defendant;" and, 3) "at sentencing there seemed to be an emphasis on [Appellant's] lack of accountability, but she had actually entered a *nolo contendere* plea which would not require accountability." *See* Appellant's Brief at 8. Appellant's first two claims do not present a substantial question, as neither claim advances a colorable argument that the sentencing court's actions were "inconsistent with a specific provision of the Sentencing Code" or "contrary to the fundamental norms which underlie the sentencing process." *See McKiel*, 629 A.2d at 1013. Therefore, we cannot review the merits of these claims.

Appellant's final claim contends that the trial court erred by emphasizing her lack of accountability, notwithstanding the fact she entered a *nolo contendere* plea. This claim contends that the trial court relied upon an impermissible factor at sentencing and thus raises a substantial factor, which permits our review. ***See Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa. Super. 2003) ("a claim that the sentence is excessive because the trial court relied on impermissible factors raises a substantial question").

We have explained:

> sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Commonwealth v. Crork***, 966 A.2d 585, 590 (Pa. Super. 2009) (quotation marks and citations omitted).

At sentencing, the trial court explained:

> Well, the [trial court] has reviewed the presentence investigation [("PSI") report,[2]] listened to the comments here

---

[2] As our Supreme Court has held:

> A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the [PSI] report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated

*(Footnote Continued Next Page)*

- 5 -

today. The [PSI] had an attachment of [Appellant's] statement. The [trial court] reviewed that. [Appellant] is 31, single, two children, 15 and 13 years of age. [Appellant] has a GED and also has a degree from Strayer University and was employed prior to [her] incarceration.

The [trial court] would note that [Appellant] appears to have an alcohol issue, drinking – allegedly drinking a bottle of tequila per day, has . . . mental health issues with prior counseling. [Appellant] has a prior record with three robbery convictions and two kidnapping convictions and three convictions for conspiracy to commit robbery.

The [trial court] sat through the trial of the [co-defendant] in this matter, Zamir Nole. And [co-defendant Nole] received a sentence of 120 months to 240 months. [The trial court] would note [Appellant], in the court's opinion, answered the questions placed to her as truthfully during that trial. The [trial court] would note also that [Appellant's] statement, sort of – that's attached to the [PSI report] somewhat disavows any responsibility for [her] actions.

The [trial court] notes [Appellant] pled no contest to this charge, as the court indicated. The court sat through the trial, [saw] the video of the incident, which included [Appellant's] assault of [the victim], and has heard the testimony of the witnesses, some of the witnesses that [Appellant alludes] to in [her] statement.

[Appellant] struck the victim 13 times in the face, stomped on the victim's head three times. There is the testimony of the witnesses. [Appellant] clearly indicates that [the victim] had a mouth on her, kind of stirred things up. But [Appellant's] actions are certainly – were overboard, to say

---

that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

the least. As I said you struck her 13 times in the face, stomped on her head three times. Luckily, she didn't end up the way the male victim did in this case, which was unconscious and life-flighted . . . to Geisinger Medical Center in Danville.

N.T. Sentencing, 12/10/24, at 5-6 (some capitalization omitted).

On appeal, Appellant claims that the sentencing court erred when it "emphasized" her lack of accountability, despite her *nolo contendere* plea.[3] *See* Appellant's Brief at 8. At the outset, Appellant has waived this claim on appeal, as Appellant has provided this Court with no argument and no legal analysis to support her claim. *See* Appellant's Brief at 10-11; *see also Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief"); *Linde v. Linde*, 220 A.3d 1119, 1145 (Pa. Super. 2019) ("this Court may not act as counsel for an appellant and develop arguments on [their] behalf") (quotation marks and citations omitted).

Moreover, Appellant's claim is belied by the record, as the trial court did not emphasize this particular factor. Instead, the sentencing court merely

_____

[3] As the United States Supreme Court explained, a *nolo contendere* plea is one where the "defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." *North Carolina v. Alford*, 400 U.S. 25, 35 (1970). The *Alford* Court further explained that, "[i]mplicit in [the United States Supreme Court's] *nolo contendere* cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." *Id.* at 36.

noted that Appellant "sort of . . . disavows any responsibility for [her] actions" – and, in the next sentence, the trial court correctly observed that "[Appellant] pled no contest to this charge." **See** N.T. Sentencing, 12/10/24, at 5. Further, in the trial court's later-filed opinion, the trial court explained that Appellant's acceptance of – or refusal to accept – personal responsibility for her actions did not play a part in its sentence. Rather, the trial court explained, it sentenced Appellant to serve a term of 16 to 120 months in prison for the following reasons:

> Prior to the sentencing proceeding, [the trial court] had received and reviewed the lengthy [PSI] Report. At the sentencing proceeding, [the trial court] listened to the comments made by counsel for [Appellant], counsel for the Commonwealth, and [Appellant].
>
> The [PSI report] disclosed [Appellant's] background and prior criminal record, which [the trial court] reviewed at the sentencing proceeding. [the trial court] noted that [Appellant's] prior criminal record included [three] robbery convictions, [two] kidnapping convictions, and [three] convictions for conspiracy to commit robbery. The [trial court] also noted that [Appellant], during the assault of the victim, struck the victim [13] times and stomped on the victim's head [three] times.
>
> Any lesser maximum sentence would have seriously depreciated the seriousness of [Appellant's] actions considering [Appellant's] violent criminal record and the violence exhibited by [Appellant] when committing this crime. The maximum sentence issued by [the trial court] is necessary to permit the Department of Corrections another opportunity to rehabilitate [Appellant], either while incarcerated or while on parole.

Trial Court Opinion, 10/9/25, at 2 (citations omitted).

We thus conclude that Appellant's claim on appeal is waived and belied by the record. Appellant's claim on appeal is thus meritless.[4]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/08/2026

---

[4] Since Appellant's claim is waived and belied by the record, we do not reach the merits of whether a trial court may consider lack of remorse or failure to accept responsibility as sentencing factors, when sentencing a defendant who has entered a *nolo contendere* plea.